George M. Fanelli, J.
In this article 78 proceeding petitioner seeks to stay respondents Wilson (former tenants) and Breitbart (Acting Judge of the City Court of New Rochelle) from continuing with the trial of a civil action pending in said court wherein petitioner is a defendant and respondents Wilson are plaintiffs, upon the ground that such court is without jurisdiction' to determine the principal issue raised there, to wit, the maximum emergency rent fixed for the accommodations formerly occupied by respondents Wilson. The papers indicate that the local rent office has already fixed the maximum rent but that the landlord (petitioner), feeling aggrieved, has applied for an increase in the maximum rent. It is her contention that until the local rent office has passed upon her application for such increase, the New Rochelle City Court cannot continue with any trial of the present action.
The court is of the opinion that the position taken by petitioner cannot be sustained. The action pending in the New Rochelle City Court is not, as urged by petitioner, one to fix emergency rents. It is an action to recover for rent overcharges and attorney’s fees. This court is not called upon to speculate what the decision of the local rent office will ultimately be or that if it does order an increase, that such increase will be retroactive to the extent of covering the period of time which is the subject matter of the New Rochelle City Court action (see State Rent & Eviction Regulations, § 32). It is not too clear from the papers just what proceeding is now pending or is expected to be commenced before the local rent office in this *1043 regard. Furthermore, what the ultimate decision of the Acting City Judge will be is also a matter of speculation. Should it be adverse to petitioner and inconsistent with any determination of the local rent office, then she may, if so advised, pursue her remedies of appeal. Of course, if the Acting City Judge is of the opinion that the continuation of the trial should be held in abeyance pending a subsequent determination of the local rent office, then, that is a matter which is exclusively within his province. As the matter now stands, however, this court cannot order a stay since the City Court of New Rochelle does have jurisdiction to entertain the action presently pending there. Accordingly, the application is denied and the petition is dismissed, but without costs.